```
                  UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :
                               :
                               :
                               :    NO. 3:CR-06-232
           -vs-                :
                               :    (Judge Kosik)
                               :
JUAN DIEGO SANCHEZ-LONDONO,    :
MANUEL SALCEDO-TAVERAS,        :
                               :
              Defendants       :
```

## **MEMORANDUM AND ORDER**

This is a case in which three defendants are charged in a drug conspiracy between June 11, 2006 and June 15, 2006. The indictment was returned on June 27, 2006. At the time of the arraignment on the indictment, July 7, 2006, the court gave the defense twenty (20) days to file motions.

Defendant Sanchez-Londono, with the joinder defendant, Salcedo-Taveras, filed a motion on September 28, 2006 for sanctions due to the government's failure to preserve and make available for inspection and/or the destruction of material evidence. The motion was briefed on October 13, 2006, and the government responded on December 12, 2006. A hearing and argument were held on January 10, 2007.

The motion for sanctions claims the government has been derelict in providing discovery, and that in the instance of seizing cash (some $122,000) in conjunction with the arrest, the

cash was deposited and converted into a check deposited with the U.S. Marshal.[1]

The government responded that at this stage, all discovery has been provided. That which could not be provided has been made available for inspection. As to the money, the government followed DEA procedures in securing the cash. If any connection with the defendants is of concern, there will be direct evidence in the form of surveillance putting the cash in the custody of the defendants. This is further supported with an acknowledgment by one co-conspirator defendant. More significant is the lack of any showing of any bad faith on the part of the government or prejudice resulting from any delays in discovery.

Although the defense motion did not directly raise or address a speedy trial issue, it indirectly alluded to it in the context of discovery delays. At the hearing, the defense elevated it to a major issue. This explains the government's not addressing it in its brief.

Regardless, there were interim defense motions filed to extend the time to file pre-trial motions. The defense argues that these times should not be excluded because the extensions were sought for the reasons that the government was derelict in providing discovery. The government provided discovery as it became available. Indeed, after a co-defendant filed a motion for additional discovery, it was resolved as moot following the

---

[1] It should be noted that the money was displayed and photographed, and the latter has been provided counsel.

-2-

government's compliance.  We find that the defendant or defendants have not been prejudiced by any delay.

The motion is **DENIED**.

SO ORDERED.

                                            s/Edwin M. Kosik
                                            United States District Judge

Date: January 12, 2007